SBK/2012R00048

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. FSH |
| | : | |
| | : | |
| v. | : | Criminal No. 12-112 |
| | : | |
| VITALY KOVALEV | : | 18 U.S.C. § 1349 |
| a/k/a "Bentley," | : | 18 U.S.C. § 1344 |
| a/k/a "Bergen," | : | 18 U.S.C. § 2 |
| a/k/a "Alex Konor" | | |

## INDICTMENT

The grand jury in and for the District of New Jersey,

sitting at Newark, charges:

### COUNT 1
18 U.S.C. § 1349
(Conspiracy to Commit Bank Fraud)

#### BACKGROUND

1.   At all times relevant to this Indictment:

a.   Defendant Vitaly Kovalev, a/k/a "Bentley," a/k/a

"Bergen," a/k/a "Alex Konor," was a citizen of Russia and resided

in Russia.

b.   "I.K.," "M.O.," "M.M.," "R.G.," "A.K.," and

"S.T.," coconspirators who are not charged as defendants herein,

were citizens of Russia and resided in or near New York City.

c.   Ally Bank, Bank of America, JPMorgan Chase Bank

("Chase Bank"), First Niagara Bank, SunTrust Bank, TD Bank,

United Western Bank, Wachovia Bank, Wells Fargo Bank, and other

banks (collectively, "the Victim Banks") were financial

institutions within the meaning of Title 18, United States Code,

Section 20.

2.     Between at least as early as in or about September 2009 and in or about November 2010, in Bergen, Hudson, Mercer, Middlesex, and Union Counties, in the District of New Jersey, and elsewhere, defendant

VITALY KOVALEV
a/k/a "Bentley,"
a/k/a "Bergen,"
a/k/a "Alex Konor"

did knowingly and intentionally conspire and agree with "I.K.," "M.O.," "M.M.," "R.G.," "A.K.," "S.T.," and others to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.


OBJECT OF THE CONSPIRACY

3.     It was the object of the conspiracy for defendant Kovalev, I.K., M.O., M.M., R.G., A.K., S.T. and others to profit by withdrawing money that had been fraudulently transferred out of accounts at the Victim Banks and then wiring a percentage of those proceeds overseas.

- 2 -

## MANNER AND MEANS OF THE CONSPIRACY

4.    It was part of the conspiracy that defendant Kovalev obtained unauthorized access to online bank accounts at the Victim Banks and at other financial institutions throughout the United States ("Victim Accounts").

5.    It was further part of the conspiracy that defendant Kovalev caused unauthorized withdrawals from the Victim Accounts in amounts ranging from approximately $5,000 to approximately $50,000 at a time.

6.    It was further part of the conspiracy that I.K., M.O., M.M., R.G., A.K., S.T. and others opened and made available to defendant Kovalev bank accounts into which money stolen from the Victim Accounts could be deposited ("Drop Accounts").

7.    It was further part of the conspiracy that I.K., M.O., M.M., R.G., A.K., S.T. and others opened Drop Accounts using either false names and counterfeit foreign passports or their own names and identification documents.

8.    It was further part of the conspiracy that on or about the same date that defendant Kovalev deposited funds stolen from the Victim Accounts into the Drop Accounts, defendant Kovalev instructed I.K. to have M.O., M.M., R.G., A.K., S.T., and others travel to bank branches in New Jersey, New York, and elsewhere to withdraw the stolen money in cash.

9.    It was further part of the conspiracy that, both to

evade detection by the Victim Banks and to withdraw the stolen money as quickly as possible before the true owners of the Victim Accounts realized that their accounts had been compromised, I.K., M.O., M.M., R.G., A.K., S.T. and others traveled to different bank branches where they held Drop Accounts on the same day to make withdrawals from Drop Accounts.

10.  It was further part of the conspiracy that defendant Kovalev instructed I.K. to send and cause to be sent a portion of the stolen proceeds overseas by Western Union and Moneygram wire transfer services to names that defendant Kovalev provided.

11.  It was further part of the conspiracy that defendant Kovalev, I.K., M.O., M.M., R.G., A.K., S.T. and others stole and withdrew at least approximately $950,000 from the Victim Banks and transferred at least approximately $720,000 overseas.

The September 23 Drops

12.  It was further part of the conspiracy that on or about September 23, 2009, defendant Kovalev told I.K. by instant message that four deposits totaling approximately $20,000 would be transferred from Victim Accounts into Chase Bank Drop Accounts in the name of Oleksandra Kaverina ("the Kaverina Drop Accounts").

13.  It was further part of the conspiracy that later on September 23, 2009, I.K. told defendant Kovalev by instant message that at least $9,900 had been withdrawn from the Kaverina

Drop Accounts, and that, despite I.K. and others having attempted to withdraw additional funds at three branches, two transfers remained pending.

The September 25 Drops

14.   It was further part of the conspiracy that on or about September 25, 2009, defendant Kovalev told I.K. by instant message that approximately $28,000 had been transferred from a bank account in the name of Company HC into Drop Accounts in the names of Kelly Courtine and Anthony Doyle, and that additional money would be transferred into a Drop Account in the name of Andrey Sidorin (collectively, "the September 25 Drops").

15.   It was further part of the conspiracy that later on September 25, 2009, I.K. caused M.O., M.M., R.G., A.K., S.T., and others to withdraw the funds deposited into Drop Accounts in the names of the September 25 Drops.

16.   It was further part of the conspiracy that later on September 25, 2009, defendant Kovalev instructed I.K. via text message to send approximately $26,000 via Western Union and Moneygram to six individuals in Moscow, Russia and Bucharest, Romania.

17.   It was further part of the conspiracy that later on September 25, 2009, I.K. caused M.M. and others to wire approximately $26,000, representing approximately 70 percent of the stolen proceeds for that day, via Moneygram and Western Union

to the same names that defendant Kovalev provided to I.K.

### The September 26 Drops

18.  It was further part of the conspiracy that on or about September 26, 2009, defendant Kovalev told I.K. by instant message that five transfers totaling approximately $75,000 had been made from a Victim Account in the name of Company HY into Drop Accounts in the names of Andrey Bykov, Nina Iakovlieva, Oleksandra Kave, Victor Yanin, and Volodymyr Kit ("the September 26 Drops") and that the funds should be ready to be picked up in the morning.

19.  It was further part of the conspiracy that on or about September 26, 2009, I.K. told defendant Kovalev via instant message that the funds from the September 26 Drops were ready for pickup.

20.  It was further part of the conspiracy that on or about September 26, 2009, defendant Kovalev told I.K. via instant message that approximately $64,000 had been transferred to the September 26 Drops and directed I.K. to transfer approximately 70 percent of that amount via money transfer service to nine individuals in St. Petersburg, Volgograd, and Moscow, Russia.

21.  It was further part of the conspiracy that on or about September 26, 2009, I.K. caused S.T. and others to wire approximately $40,000 to the same names that defendant Kovalev provided to I.K.

- 6 -

The Frans Drop Account

22.   It was further part of the conspiracy that on or about December 15, 2009, defendant Kovalev caused approximately $11,600 to be transferred from the account of Company FTTI at SunTrust Bank to a Drop Account opened in the name of Daavit Frans ("the Frans Drop Account").

23.   It was further part of the conspiracy that on or about December 15, 2009, M.M. entered a TD Bank branch in Guttenberg, New Jersey, identified himself as Daavit Frans, and withdrew approximately $6,000 in cash from the Frans Drop Account.

24.   It was further part of the conspiracy that on or about December 15, 2009, M.M. entered a TD Bank branch in Hoboken, New Jersey, identified himself as Daavit Frans, and attempted to withdraw approximately $5,640 from the Frans Drop Account.

In violation of Title 18, United States Code, Section 1349.

COUNTS 2 THROUGH 9
18 U.S.C. § 1344
18 U.S.C. § 2
(Bank Fraud)

1.    Paragraphs 1 and 4 through 24 of Count 1 of this Indictment are realleged as if set forth herein.

2.    On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

VITALY KOVALEV,
a/k/a "Bentley,"
a/k/a "Bergen,"
a/k/a "Alex Konor"

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud the financial institutions set forth below and to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations, and promises, by making unauthorized transfers in the approximate amounts below:

| COUNT | DATE | VICTIM | VICTIM BANK | ACCOUNT NAME | AMOUNT |
|-------|------|--------|-------------|--------------|--------|
| 2 | 11/27/09 | T.B. & L.B. | Wells Fargo | Eriksson | $11,553 |
| 3 | 12/04/09 | A.W. | Ally Bank | Kalevi | $13,940 |
| 4 | 12/04/09 | A.W. | Ally Bank | Rolinskij | $14,000 |
| 5 | 12/09/09 | R.M. | Ally Bank | Frans | $14,180 |

| COUNT | DATE | VICTIM | VICTIM BANK | ACCOUNT NAME | AMOUNT |
|---|---|---|---|---|---|
| 6 | 12/11/09 | R.M. | Ally Bank | Frans | $11,553 |
| 7 | 12/15/09 | Company FTTI | SunTrust Bank | Lassi | $10,740 |
| 8 | 12/15/09 | Company FTTI | SunTrust Bank | Lassi | $14,720 |
| 9 | 12/15/09 | Company FTTI | SunTrust Bank | Frans | $11,600 |

In violation of Title 18, United States Code, Section 1344 and Section 2.

## FORFEITURE ALLEGATION

1.   The allegations contained in Counts 1 through 9 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2.   The United States hereby gives notice to defendant Vitaly Kovalev, as charged in Counts 1 through 9, that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

3.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the court;

   (d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in paragraph 2 of this Forfeiture Allegation.

A TRUE BILL

PAUL J. FISHMAN
United States Attorney

- 11 -

CASE NUMBER: 12-Cr-112 (FSH)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

VITALY KOVALEV,
a/k/a "Bentley,"
a/k/a "Alex Konor,"
a/k/a "Bergen"

# INDICTMENT FOR
18 U.S.C. § 1344
18 U.S.C. § 1349
18 U.S.C. § 2

**PAUL J. FISHMAN**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SETH B. KOSTO
*ASSISTANT U.S. ATTORNEY*
*(973) 645-2737*